GDB: USAO 2018R00331

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM 19cr121 |
| | * | |
| RICARDO CARTER II, | * | (Bank Fraud, 18 U.S.C. § 1344; |
| | * | Aggravated Identity Theft, |
| Defendant | * | 18 U.S.C. § 1028A; Forfeiture, |
| | * | 18 U.S.C. § 982(a)(2), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

**INFORMATION**

**COUNT ONE**
**(Bank Fraud)**

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

**Introduction**

1. Defendant **RICARDO CARTER II ("CARTER")** was a resident of Maryland.

2. Navy Federal Credit Union ("NFCU") was a financial institution within the meaning of 18 U.S.C. § 20 in that NFCU had its deposits insured by the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund.

3. The NFCU account ending in 7988 ("NFCU x7988") was domiciled in the District of Maryland.

**The Scheme to Defraud**

4. Between in or about January 2015 and in or about December 2016, in the District of Maryland and elsewhere, **CARTER** knowingly and intentionally executed, and attempted to execute, a scheme and artifice to defraud NFCU and to obtain money, funds, and credits under

the custody and control of NFCU by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

5. **CARTER** stole the means of identification—including the names, dates of birth, and social security numbers—of other individuals ("the victims") who **CARTER** knew to be real people.

6. **CARTER** used the victims' means of identification to fraudulently open over 100 accounts in Maryland, Washington, D.C., and Virginia at financial institutions that included NFCU, Pentagon Federal Credit Union ("PFCU"), Andrews Federal Credit Union ("AFCU"), Capital One, SunTrust Bank, First Premiere Bank, and TD Bank ("the fraudulently opened bank accounts").

7. **CARTER** used the fraudulently opened bank accounts to execute a check-kiting scheme.

8. Specifically, **CARTER** wrote nonsufficient funds checks (i.e., checks written from bank accounts with insufficient funds to cover the checks) from certain fraudulently opened bank accounts and deposited those checks into other fraudulently opened bank accounts, thereby generating an account balance that was immediately available.

9. After depositing the nonsufficient funds checks and generating a balance that was immediately available, **CARTER** withdrew the available balance before the victim bank attempted to clear the nonsufficient funds check, thereby causing a loss to the victim bank.

10. Once **CARTER** withdrew the balance that his deposit of a nonsufficient funds check generated at a victim bank, **CARTER** used the money for his personal benefit.

11. **CARTER** further used his victims' means of identification to fraudulently open credit accounts at financial institutions in Maryland, Washington, D.C., and Virginia.

12. Once **CARTER** fraudulently used a stolen identity to open a credit account, **CARTER** used the credit card associated with the account for personal expenditures, causing a loss to the bank and adversely affecting the victim's credit score.

## The Charge

13. On or about January 28, 2015, in the District of Maryland and elsewhere, the defendant,

## RICARDO CARTER II,

knowingly and intentionally executed and attempted to execute, and aided and abetted the execution of, the scheme to defraud NFCU by depositing a nonsufficient funds $600 check into NFCU x7988, and thereafter withdrawing the available balance that the $600 nonsufficient funds check generated.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TWO
### (Aggravated Identity Theft)

The United States Attorney for the District of Maryland further charges that:

1. Paragraphs 1 through 12 of Count One of this Information are incorporated here.

2. On or about January 28, 2015, in the District of Maryland and elsewhere, the defendant,

**RICARDO CARTER II,**

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name of Victim 5, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count One and incorporated here.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(2), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Information.

2. As a result of the offense set forth in Count One, the defendant,

**RICARDO CARTER II,**

shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the violation alleged in Count One of this Information.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date: 3/14/19

Robert K. Hur
United States Attorney